IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

MASON BLAIR                                                                PLAINTIFF

VS.                               NO. 54CV-19-24-2

DONALD F. DELINE AND
DELINE FARMS SOUTH                                              DEFENDANTS

### COMPLAINT- FIRST AMENDED

Comes the Plaintiff, Mason Blair (hereinafter referred to as either "Blair" or "Plaintiff"), by and through his attorneys, the Etoch Law Firm, and for his Complaint against the Defendants, Donald F. Deline (hereinafter referred to as "Deline"), and Deline Farms South (hereinafter referred to as "Deline Farms") states:

### I. JURISDICTION AND VENUE

1. This claim is brought pursuant to this Court's jurisdiction over personal injury claims predicated on negligence. The incident that gives rise to this Complaint occurred in Phillips County, Arkansas, and thus, jurisdiction is proper before this Court.

2. Venue is proper under Ark. Code Ann. § 16-60-101 et seq.

### II. PARTIES

3. The Plaintiff, Mason Blair, is a resident and citizen of Phillips County, Arkansas. Defendant Deline, is a resident and citizen of Missouri who is in the farming business and who operates a large commercial farm under multiple names and entities in Phillips County, throughout portions of Arkansas, and elsewhere. Defendant Deline Farms is one of Deline's farming entities organized as a general partnership that is authorized to do business in the state of Arkansas and that does do business in the State of Arkansas. It is believed and alleged that



Defendant Deline is a general partner of Deline Farms. Deline was also personally negligent as stated herein.

### III. FACTUAL ALLEGATIONS

4.	On or about, October 11, 2018, Plaintiff was employed by Deline and Deline Farms. Plaintiff's job duties included driving a commercial farm tractor-trailer owned by Deline on Arkansas State Highway 20 in rural Phillips County, Arkansas. Deline owns the tractor-trailer the Plaintiff was driving. Deline leases the tractor-trailer to Deline Farms. Plaintiff's job was to drive a tractor-trailer hauling grain. Deline and Deline Farms had other employees that were responsible for performing maintenance, mechanical work and generally responsible for keeping the tractor-trailer safe and operational. Deline and Deline Farms knew that Plaintiff had no CDL and had only limited experience driving a large commercial tractor trailer at the time he was hired. Deline and Deline Farms failed to properly train and supervise Plaintiff to safely operate the tractor-trailer hauling grain.

5.	On said date and time the tractor-trailer was hauling over 40,000 pounds of rice. The tractor-trailer with the load of rice weighed over 80,000 lbs. Plaintiff was traveling north bound on Arkansas State Highway 20. When Plaintiff approached a curve in the highway veering to the left, Plaintiff began to apply the brakes, but the brakes did not work properly. The brakes were defective and had not been properly adjusted or had not been hooked up properly by Deline, Deline Farms, and its employees and agents. Due to the defective brakes, Plaintiff was unable to slow down enough for the tractor-trailer to safely drive around and maneuver the curve causing the tractor-trailer with the full load of rice to overturn and injure Plaintiff.

6. Deline, Deline Farms, and its employees and agents improperly loaded the trailer by putting too much rice in the trailer and not putting the rice in the right area of the trailer under the circumstances which allowed the load of rice to shift causing the tractor-trailer to rollover.

7. As the tractor-trailer progressed through the curve, because of the defective and faulty brakes, the trailer's load shifted, and the trailer pulled the tractor off the road and onto the passenger side causing a very violent collision and proximately resulting in Plaintiff's injuries.

8. As a proximate result of the above described accident, Plaintiff sustained serious physical trauma and injuries requiring him to be taken by ambulance to the Helena Regional Medical Center and later taken by air evacuation to Regional One Medical Center in Memphis, TN. The Plaintiff was treated for three broken ribs, a fractured nose, and for injuries and pain to his lower back, neck, head, and shoulders. Deline and Deline Farms fired the Plaintiff shortly after Plaintiff attempted to returned to work without cause and in retaliation because Plaintiff was considering taking legal action for the injuries, he suffered due to the Defendants' negligence.

9. The Defendants' negligence, and the negligence of Deline, Deline Farms, and their employees and agents which negligence is imputed to Defendants through theories of agency and respondeat superior, was the proximate cause of the Plaintiff's injuries, harm, and damages, which the Plaintiff suffered and continues to suffer.

## IV. CAUSE OF ACTION - NEGLIGENCE

10. Deline, Deline Farms, and its employees and agents violated Ark. Code Ann. §11-2-117 titled "Safe place of employment-Duties of employer and director," which states in pertinent part:

> (a) Every employer shall furnish employment that is safe for the employees therein and shall furnish and use safety devices and safeguards. The employer shall adopt and use

methods and processes reasonably adequate to render such an employment and place of employment safe and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of the employees.

11. Deline, Deline Farms, and its employees and agents failed to exercise ordinary care under the circumstances and failed to comply with the existing standards of care to make the tractor-trailer full of rice safe for operation as stated herein. The negligence of Deline, Deline Farms, and its employees and agents led to the Plaintiff's accident and was a proximate cause of the damages sustained by the Plaintiff. The acts of negligence, failure to exercise ordinary care, omissions to act, and fault of Deline, Deline Farms, and its employees and agents, consisted of but are not necessarily limited to the following:

   a. Failed to ensure the tractor-trailer and the brakes on the tractor trailer were safe for normal operation.
   b. Failed to properly inspect the tractor-trailer for mechanical problems.
   c. Failed to insure the tractor-trailer had properly operating brakes.
   d. Failed to hook up the brakes properly.
   e. Failed to adjust the brakes properly.
   f. Failed to limit the amount of rice in the trailer to a reasonable amount under the circumstances listed herein. In other words, Defendants loaded too much rice on the tractor trailer and did not load the rice properly to keep the rice from shifting during transport.
   g. Failed to properly distribute the rice in the trailer under the circumstances listed herein.
   h. Improperly overloaded the tractor trailer with too much rice.
   i. Required the Plaintiff to use a tractor-trailer that was defective, inappropriate, dangerous and unsafe to drive.
   j. Failed to properly train and supervise its employees that were responsible for maintaining and working on the tractor trailer to keep it safe while Plaintiff was driving. and;
   k.  Defendants were otherwise guilty of negligence which will be more particularly described during the course of the litigation and developed during discovery

12. The Defendants have been asked by Plaintiff to preserve the tractor and trailer as evidence so it can be inspected by Plaintiff's expert. The Defendants have failed, refused and neglected to allow Plaintiff or his expert view said tractor or trailer. Deline and Deline Farms are

hereby notified that if the tractor and trailer are not properly preserved Plaintiff will be requesting a spoliation of evidence instruction at trial.

## V. CAUSE OF ACTION – DEFENDANTS FAILED TO PROVIDE WORKERS' COMPENSATION INSURANCE FOR THE PLAINTIFF

13. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs numbered 1 through 12, inclusive, of the First Amended Complaint as a part of this count.

14. Defendants Deline and Deline Farms had a duty to exercise ordinary care under the circumstances and to comply with existing laws which required Defendants, Deline and Deline Farms, to provide the Plaintiff with coverage under Arkansas' Workers' Compensation Laws, since Plaintiff was an employee of Deline Farms.

15. Defendants Deline and Deline Farms failed to exercise ordinary care under the circumstances and failed to comply with existing laws which required Defendants, Deline and Deline Farms, to provide the Plaintiff with coverage under Arkansas' Workers' Compensation Laws, since Plaintiff was an employee of Deline Farms.

16. Defendants, Deline and Deline Farms, violated Ark. Code Ann. §11-9-401 because they did not provide their employees Workers Compensation Coverage. This law is designed to ensure that every employer secures compensation for its employees when a "compensable injury arises out of and in the course of employment, without regard to fault, as a cause of the injury." Id.

17. The law violated by Defendants, Deline and Deline Farms, was designed to provide Workers' Compensation for Plaintiff.

18.    Despite the fact that Defendants, Deline and Deline Farms, knew or should have known that Plaintiff was an employee. Arkansas law required Defendants, Deline and Deline Farms, to provide Workers' Compensation to Plaintiff and Defendants, Deline and Deline Farms, did not do so.

## VI. CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT

19.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs numbered 1 through 18, inclusive, of the First Amended Complaint as a part of this count.

20.    Deline and Deline Farms, in addition to the above, are also guilty of negligent entrustment of their company vehicle when they either knew or reasonably should have known said company vehicle was defective due faulty brakes and negligently loading of grain and in spite of that Defendants provided this defective tractor trailer to its employee, Mason Blair, when they knew or reasonably should have known under the facts listed above, due to the defective nature of the brakes, the negligent loading of grain, and lack of the required training and experience to operate the tractor-trailer involved in this accident it was dangerous to do so.

## VII. CAUSE OF ACTION – NEGLIGENT SUPERVISION

21.    As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs numbered 1 through 18, inclusive, of the First Amended Complaint as a part of this count.

22.    Defendants Deline and Deline Farms had a duty to have adequate policies and procedures in place to ensure they properly and sufficiently trained the agents, servants, and employees who would be permitted to operate tractor-trailers during farming operations. Defendants failed in their duty and were negligent when they chose not to properly train nor

supervise Plaintiff while Plaintiff operated a tractor-trailer, and/or chose not to follow proper policies and procedures, resulting in the inadequate training of agents, servants, and employees who drove tractor-trailers for Defendants.

23. Specifically, the facts of this incident demonstrate that Plaintiff was not trained in how to prudently and safely operate this defective tractor-trailer during farming operations. Defendants' negligence in failing to properly train and supervise its Plaintiff was a proximate cause of the injuries to Plaintiff and the damages set forth below.

## VI. DAMAGES

24. As a proximate result of the negligence of Deline and Deline Farms, Plaintiff sustained severe and permanent injuries to his whole body including his face, head, neck, shoulders and back. As a proximate result of said injury, Plaintiff has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future; has suffered lost earnings and a loss of earning capacity; and has incurred medical expenses in the past and will continue to incur such expenses in the future.

## VII. JURY DEMAND

25. Plaintiff, pursuant to Rule 38 of the Arkansas Rules of Civil Procedure, demands a jury trial on all factual issues.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for judgment against the Defendants, Deline and Deline Farms, jointly and severally for the following:

(a) For an amount undetermined at this time, but to be determined at trial, said amount being in excess of the minimum amount required for diversity of jurisdiction in federal court for Plaintiff's injuries to his whole body including his face, head, shoulders, neck and back; said amount including his excruciating pain and suffering and mental anguish experienced in the past and that which he will undergo in the future, his lost earnings and

loss of earning capacity, and for his continuing medical expenses which will be incurred in the future;

(b) A reasonable attorney's fee, , interest and costs of this action; and

(c) Any and all other relief this Court may deem proper under these premises.

Respectfully submitted,

ETOCH LAW FIRM

BY: _____
John M. Landis (2016043)
Louis A. Etoch (89030)
221 W. 2nd St., Ste. 312
Little Rock, AR 72201
(o) 501. 333. 9400
(f) 501. 232. 3777
john@etochlaw.com
louis@etochlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned attorney for the Plaintiff, do hereby certify that a true and correct copy of the above pleading has been served upon the following via email on July 9, 2020:

Joe Perry
Jesse Daggett
Daggett & Perry, PLLC
P.O. Box 389
Marianna, AR 72360

Paul D. Waddell
Waddell, Cole, & Jones, PLLC
P.O. Box 1700
Jonesboro, AR 72403

Grant Ballard
Ark Ag Law
724 Garland St.
Little Rock, AR 72201

BY: _____
John M. Landis